## Middleton v. Louisville & Nashville Railroad Company.

(Decided November 10, 1931.)

H. H. FUSON and J. B. SNYDER for appellant.

A. M. WARREN and LOW & BRYANT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant, Murle Middleton, left his Ford car upon a highway and went to his home for a few minutes. Upon his return he found it near the railroad track completely demolished. Several weeks later he learned that a friend, J. M. Johnson, who had the privilege of using the car, had taken it, and, while driving across the railroad, an on-coming train struck it, after he jumped out. Middleton sued the railroad company for damages, charging that it was negligent because it had permitted the crossing to become out of repair, had not maintained a crossing sign, and had not blown the whistle of its locomotive to give warning of its approach. At the conclusion of the evidence for the plaintiff, the court gave a peremptory instruction to find for the defendant, and the appeal is from the judgment entered pursuant thereto.

The evidence as to the condition of this crossing is by no means clear. It appears that the main highway ran parallel with the railroad on a higher elevation. At something less than a right angle a dirt road leading to the mining village of Kildav on the other side of the railroad descended sharply for several feet and ran through a practically level flat for 50 to 75 yards, and

then, as we understand, went up over the track. It is said that there was a "chug hole" in this dirt road, but it is not shown whether this was at the edge of the railroad or in the flat. In the usual way timbers had been laid between the rails and on the ends of the ties. It is also stated that on the lower side of the railroad was a deep hole where the vehicles dropped off after crossing the track. Johnson, who was driving the automobile, testified that the car "got hung up on the crossing," and, when he realized that the train was coming on him, "the right rear wheel was over the rail and the other on the inside of the rail and the front one was kind of up on the rail; I don't know whether the motor was hung over the other rail or not." He said that he had the wheels of his car spinning, and the road was "kind of slick."

The appellant has, quite properly, abandoned any claim of negligence due to the failure to maintain a crossing sign and to have given a signal of the approach of the train, for in neither event could the negligence, if any, have been the proximate cause of the damage to the machine.

The foreman of the mining company at Kildav testified that the railroad company only maintained the crossing within the length of the ties and that his company maintained the rest of it. Whether or not it was the duty of the railroad company to have maintained the crossing and the road the entire width of its right of way need not be considered; nor whether or not it was responsible for the "chug holes" testified about, for the evidence does not disclose that the condition of the road was responsible for the loss of the machine. The evidence does not show that the movement of the automobile was obstructed by any of the holes shown to have been in the road at or near the track. It simply appears that the machine stalled upon the rails or the timbers on either side of them, and that the railroad company was not guilty of any negligence.

Wherefore the judgment is affirmed.